# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:07-CV-00241-FDW

| | |
|---|---|
| NORMAN J. O'DONNELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ANIMALS MATTER, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER comes now before the Court upon Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) for lack of personal jurisdiction and improper venue. For the reasons that follow, Defendant's motions are denied.

Plaintiff is the inventor and owner of all right, title, and interest in and to United States Letter Patent No. 7,204,205 ("the '205 patent"), which he has called the "Vehicle Console Pet Seat." The '205 patent was issued on April 17, 2007. Since that date, Plaintiff alleges that Defendant has infringed the '205 patent through the sale, offer for sale, and/or inducement to sell pet seats covered by the claims of the '205 patent. Plaintiff filed his complaint alleging patent infringement under 35 U.S.C. § 271 on June 21, 2007.

Personal jurisdiction in a patent infringement case is determined under the law of the United States Supreme Court and the United States Court of Appeals for the Federal Circuit. Silent Drive, Inc. v. Strong Indus., Inc., 326 F.3d 1194, 1201-02 (Fed. Cir. 2003). The Federal Circuit conducts a two-step inquiry to determine personal jurisdiction. First, the court must determine whether North Carolina's long-arm statute permits service of process on Defendant. Second, the court must

determine whether the exercise of personal jurisdiction over Defendant comports with due process. Red Wing Show Co. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1358 (Fed Cir. 1998). North Carolina's long arm statute extends to North Carolina courts "the full jurisdictional powers permissible under federal due process." Dillon v. Numismatic Funding Corp., 231 S.E.2d 629, 630 (N.C. 1977). Thus, the inquiry becomes one of due process. In Silent Drive, the Federal Circuit provided three due process factors to consider in a patent case: "(1) whether the defendant 'purposefully directed' its activities at residents of the forum; (2) whether the claim 'arises out of or relates to' the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is 'reasonable and fair.'" Silent Drive, 326 F.3d at 1201-02 (quoting Inamed Corp. v. Kuzmak, 249 F.3d 1356, 1360 (Fed. Cir. 2001)). Furthermore, "[o]nce the first two factors . . . have been satisfied . . . the burden shifts to [defendant] to convince [the court] that the exercise of personal jurisdiction over him is not 'reasonable and fair.'" Inamed, 249 F.3d at 1363. Because Plaintiff concedes that this Court does not have general personal jurisdiction over Defendant, this Court's analysis will focus on these factors as they relate to specific personal jurisdiction.

Defendant contends that it has not "purposefully directed" business to North Carolina because it has made no direct sales here. Instead, Defendant has merely sold its products to wholesalers, who have in turn sold them to North Carolina retailers. Thus, Defendant argues that any allegedly infringing products sold in North Carolina have been sold as a result of the activity of others, not Defendant's own purposeful direction. This argument must fail given Plaintiff's allegations and the current procedural posture of the case. Plaintiff has attached to his complaint a document showing a portion of Defendant's Web site. The Web site lists retailers that provide Defendant's products in 45 states as well as certain international locations. When a visitor to the site clicks on the hyperlink labeled "North Carolina," he is directed to a page with two North Carolina

retailers that sell Defendant's products. The retailers' addresses, phone numbers, and mapped locations are available on this page. Defendant argues that although this information is available, it does not amount to purposeful direction because no direct sales are made through the Web site. This Court disagrees. Defendant is clearly targeting North Carolina consumers by providing a hyperlink to two locations in North Carolina where Defendant's products may be purchased. A consumer who visits Defendant's Web site is not concerned with the supply chain of manufacturers, wholesalers, and retailers. The consumer simply desires Defendant's product and is directed to a location in North Carolina where he or she may purchase that product. This direction is purposeful on Defendant's part, and Defendant no doubt benefits from this purposeful direction. The fact that such benefits may be de minimis, as Defendant contends, is irrelevant to the specific personal jurisdiction inquiry. Therefore, the "purposefully directed" factor has been satisfied.

The second factor is similarly satisfied, as Plaintiff has alleged that Defendant is selling, offering to sell, and/or inducing offers to sell products in North Carolina that infringe Plaintiff's '205 patent. Such activity, which at this stage of the proceedings this Court must assume to be true, certainly arises out of or relates to Defendant's activities in North Carolina. See Inamed, 249 F.3d at 1362 (holding that the "arise from or relate to" phrase is "disjunctive in nature, indicating an added flexibility and signaling a relaxation of the applicable standard from a pure 'arise out of' standard"). Defendant, however, makes much of the fact that Plaintiff has "fail[ed] to submit any evidence of an infringing act committed by [Defendant]," arguing that this paucity of evidence militates against satisfaction of the second factor. This argument is inappropriate given the current stage of the litigation. It is true that Plaintiff bears "the ultimate burden of proof that personal jurisdiction is proper by a preponderance of the evidence." Regent Lighting Corp. v. American Lighting Concept, Inc., 25 F. Supp. 2d 705, 709 (M.D.N.C. 1997). However, "when the court examines this issue only

on the basis of the motions, legal memoranda, and the allegations of the complaint, Plaintiff need make only a prima facie showing of personal jurisdiction." Id. In determining whether Plaintiff has made such a prima facie showing, "the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Combs v. Baker, 886 F.2d 673, 676 (4th Cir. 1989). Thus, Defendant's protestations concerning sufficiency of the evidence are currently misplaced. Plaintiff has alleged infringement of its '205 patent. Plaintiff states in his memorandum to this Court that "[t]he North Carolina retailers that Animals Matter refers customers to through its website currently have the infringing products on their shelves." At this point in the proceedings, the Court must assume that Plaintiff's allegations are credible for purposes of personal jurisdiction. The second factor has therefore been satisfied.

Finally, this Court must determine whether it is "reasonable and fair" to exercise personal jurisdiction over Defendant. As an initial matter, the Court reiterates that having found the first two factors the burden shifts to the Defendant to demonstrate to the Court that personal jurisdiction would be unreasonable. Inamed, 249 F.3d at 1363. The United States Supreme Court has provided five factors to consider when determining whether exercise of personal jurisdiction would be reasonable and fair: (1) the burden on the defendant, (2) the interests of the forum State, (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several States in furthering fundamental substantive social policies. Asahi Metal Indus. Co. v. Super. Ct. of Cal., 480 U.S. 102, 113 (1987); see also Inamed, 249 F.3d at 1653.

Defendant's main argument is that it would be unreasonably burdened if required to travel from California to North Carolina to defend this case. Defendant also cites the burden of potential

witnesses, claiming that they will all have to travel from California. While such travel is indeed burdensome, it is no more burdensome than requiring Plaintiff, a resident of South Carolina, to travel to California. In addition, there will certainly be witnesses in and around North Carolina given the fact that Defendant's products have been sold here and this state's close proximity to Plaintiff's business. In short, although it will be burdensome for Defendant to travel to North Carolina, this burden is insufficient to demonstrate that this Court's exercise of personal jurisdiction is unconstitutionally unreasonable or unfair. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477-78 (1985) ("[W]here a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable. Most such considerations usually may be accommodated through means short of finding jurisdiction unconstitutional."). This Court does not believe that travel to North Carolina will be "so gravely difficult and inconvenient" that Defendant, a corporation that admittedly does business in nearly every state in the nation and overseas, will be at a "severe disadvantage." Id. at 479. This Court therefore rejects Defendant's unreasonable burden argument.

Defendant next claims that North Carolina has little interest in this litigation as "no alleged infringement has occurred here." On the contrary, Plaintiff has clearly alleged in his complaint that "Animal Matters offers for sale and sells its pet seats in this Judicial District [the Western District of North Carolina]." Thus, Plaintiff has alleged that Defendant has infringed his '205 patent within the state of North Carolina. It seems clear to this Court that North Carolina has a substantial interest in preventing patent infringement within its borders. See Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found., 297 F.3d 1343, 1356 (Fed. Cir. 2002) ("Just as a state has a substantial interest in preventing patent infringement within its borders, it also has a substantial interest in

protecting its residents from claims of patent infringement that may be unwarranted . . . ."). Given Plaintiff's allegations, which this Court must assume to be credible at this stage of the litigation, North Carolina has a sufficient interest in this case.

The third factor need hardly be mentioned, as Plaintiff clearly has a substantial interest in obtaining relief from Defendant's alleged patent infringement. Defendant seeks to rebut this seemingly self-evident conclusion with allegations that Plaintiff has traveled to California for certain occasions. This Court fails to understand how Plaintiff's travel affects his interest in seeing his patent protected. The fact that he has traveled to California is irrelevant considering his allegations that his patent is being infringed in North Carolina and his choice of North Carolina as forum for this lawsuit.

This Court sees the fourth and fifth factors as non-issues in this case. Regarding the fourth factor, a state in which a patent has been infringed is just as capable of efficient resolution of the controversy as any other state. The fact that Plaintiff could have brought this lawsuit in California is irrelevant. Plaintiff has chosen North Carolina as his forum, and the discussion above demonstrates the validity of this chose relative to personal jurisdiction over the Defendant. Both parties agree that the fifth factor is not relevant to this case.

Based on Plaintiff's allegations, which this Court must assume to be true at this stage in the litigation, Defendant has purposefully directed activities to North Carolina, Plaintiff's claim arises out of or relates to Defendant's activities in North Carolina, and this Court's assertion of personal jurisdiction over Defendant is not unconstitutionally unreasonable or unfair. Accordingly, Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) is DENIED.

The United States Supreme Court has made clear that 28 U.S.C. § 1400(b), as the more

specific venue statute, provides the "sole and exclusive provision controlling venue in patent infringement proceedings." Fourco Glass Co. v. Transmirra Prods. Corp., 353 U.S. 222, 229 (1957). The first portion of § 1400(b) reads, "Any civil action for patent infringement may be brought in the judicial district where the defendant resides . . . ." 28 U.S.C.A. § 1400(b) (West 2006). This clause has been interpreted to mean that venue in a patent infringement case is proper whenever there is personal jurisdiction over the defendant. See, e.g., Lexmark Intern., Inc. v. Laserland, Inc., 304 F. Supp. 2d 913 (E.D. Ky. 2004); Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc., 304 F. Supp. 2d 769 (M.D.N.C. 2004); Koh v. Microtek Intern., Inc., 250 F. Supp. 2d 627 (E.D. Va. 2003); Plat Genetic Systems, N.V. v. Ciba Seeds, 933 F. Supp. 519 (M.D.N.C. 1996). Thus, having decided that this Court may exercise personal jurisdiction over Defendant, the Court also finds that venue is proper. Therefore, Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) is DENIED.

IT IS SO ORDERED.

Signed: September 20, 2007

Frank D. Whitney
United States District Judge